RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

SEP 0 3 2025

DANIEL J. McCOY, CLERK
BY:_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

2:25-CV-1290

CREDEUR, RAY JAMES,

   Plaintiff,


                                        v.


SULPHUR POLICE DEPARTMENT;

CITY OF SULPHUR;

CALCASIEU PARISH SHERIFF'S DEPARTMENT;

LOUISIANA STATE POLICE DEPARTMENT;

CALCASIEU PARISH DISTRICT ATTORNEY'S OFFICE;

JOHN WALL, Chief of Police, in his individual and official capacities;

MIKE DANAHAY, Mayor of Sulphur, in his individual and official capacities;

LARRY GUILLOTTE, Assistant Chief of Police, in his individual and official capacities;

DYLAN BEDSOLE, Officer, in his individual and official capacities;

DERRICK MALVEAUX, Officer, in his individual and official capacities;

RYAN ARNOLD, Officer, in his individual and official capacities;

ANTHONY FRUGE, Officer, in his individual and official capacities;

KENNETH BARTLEY, Officer, in his individual and official capacities;

BEN MORGAN, Officer, in his individual and official capacities;

CHASE MCCONNELL, Officer, in his individual and official capacities;

DAVID RITCHIE, Judge, in his individual and official capacities;

TONY FAZZIO, Magistrate, in his individual and official capacities;

GARY GUILLORY, Sheriff, Calcasieu Parish, in his individual and official capacities;

COLONEL ROBERT P. HODGES, Superintendent, Louisiana State Police, in his individual and official capacities;

STEPHEN DEWIGHT, District Attorney, Calcasieu Parish, in his individual and official capacities;

STATE OF LOUISIANA;

**John Does 1–20,** being officers, agents, employees, or other persons who directly participated in or contributed to the events complained of herein, identities presently unknown but to be added as discovered.

　　Defendants.

CIVIL ACTION NO. _____

JUDGE _____

MAGISTRATE JUDGE _____

### VERIFIED COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF AND DAMAGES

## I. INTRODUCTION, STATUS, AND PARTIES

1. Plaintiff, Credeur: Ray-James, appears sui juris as a living man standing in his own right, and not as surety or agent for the ens legis corporate fiction "CREDEUR, RAY JAMES."

2. Defendants are named in the following order of responsibility with respect to the fraudulent warrant and acts directly tied to it:

**Defendant 1**: SULPHUR POLICE DEPARTMENT;

**Defendant 2**: CITY OF SULPHUR;

**Defendant 3**: CALCASIEU PARISH SHERIFF'S DEPARTMENT;

**Defendant 4**: LOUISIANA STATE POLICE DEPARTMENT;

**Defendant 5**: CALCASIEU PARISH DISTRICT ATTORNEY'S OFFICE;

**Defendant 6**: JOHN WALL, Chief of Police, in his individual and official capacities;

**Defendant 7**: MIKE DANAHAY, Mayor of Sulphur, in his individual and official capacities;

**Defendant 8**: LARRY GUILLOTTE, Assistant Chief of Police, in his individual and official capacities.

**Defendant 9**:  DYLAN BEDSOLE, Officer, in his individual and official capacities;

**Defendant 10**: DERRICK MALVEAUX, Officer, in his individual and official capacities;

**Defendant 11**: RYAN ARNOLD, Officer, in his individual and official capacities;

**Defendant 12**: ANTHONY FRUGE, Officer, in his individual and official capacities;

**Defendant 13**: KENNETH BARTLEY, Officer, in his individual and official capacities;

**Defendant 14**: BEN MORGAN, Officer, in his individual and official capacities;

**Defendant 15**: CHASE MCCONNELL, Officer, in his individual and official capacities;

**Defendant 16**: DAVID RITCHIE, Judge, in his individual and official capacities;

**Defendant 17**: TONY FAZZIO, Magistrate, in his individual and official capacities;

**Defendant 18**: GARY GUILLORY, Sheriff, Calcasieu Parish, in his individual and official capacities.

**Defendant 19**: COLONEL ROBERT P. HODGES, Superintendent, Louisiana State Police, in his individual and official capacities;

**Defendant 20**: STEPHEN DEWIGHT, District Attorney, Calcasieu Parish, in his individual and official capacities;

**Defendant 21**: STATE OF LOUISIANA;

Plaintiff also names as Defendants John Does 1–20, being officers, agents, employees, or other persons who directly participated in or contributed to the unlawful acts alleged herein, whose identities are not presently known but will be substituted once discovered."

## II. JURISDICTION AND VENUE

**3.** This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), 1985, and 1988 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and related provisions.

**4.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within this District and all Defendants reside or are employed in

## III. FACTUAL ALLEGATIONS (WARRANT-ONLY SCOPE)

**5.** On or about June 29, 2025, Warrant No. 25-00864 was issued by Magistrate Tony Fazzio based on false pretenses, mischaracterizing a 2016 misdemeanor charge as a felony, and used it to create the appearance of probable cause. Reliance on an expired and resolved case to justify a new warrant is improper, constitutes fraud on the court, and renders the 2025 warrant invalid ab initio.

**6.** Judge David Ritchie had prior knowledge of this false classification from his 2016 ruling and court minutes, yet failed to act to cancel the fraudulent warrant. Plaintiff also presented $100,000 in bonds to settle the matter, which were dishonored both privately and in official capacity.

**7.** The Calcasieu Parish Sheriff's Department, City of Sulphur, Sulphur Police Department, Louisiana State Police, and the Office of the District Attorney have all been notified of the fraud and failed to investigate or correct the warrant.

**8.** As a direct result of the fraudulent warrant, Plaintiff has suffered unlawful detainment, threats, attempted seizure of trust property, and continuing deprivation of liberty under color of law.

**9.** Plaintiff has served multiple notices, affidavits, and lawful bonds to cure these violations. All parties have remained in dishonor, and damages continue to accrue under Plaintiff's

duly recorded Fee Schedule and Liability Notice (Calcasieu Parish Clerk of Court, File #3536624, Book 4636, Page 104).

10. The warrant was predicated on a mischaracterization of a 2016 matter that had been reduced to a misdemeanor (simple battery) and fully satisfied; official minutes and the completion/satisfaction letter reflect that all conditions were met.

11. Despite the misdemeanor disposition and satisfaction, Defendants initiated an unnecessary manhunt, deployed officers with guns drawn at Plaintiff's property, conducted armed surveillance of Plaintiff's vehicle, and publicly labeled Plaintiff a 'dangerous armed felon,' thereby endangering the public and Plaintiff.

12. Plaintiff invoked his Fourth and Fifth Amendment rights; nonetheless, officers escalated force, shoved Plaintiff against his vehicle, handcuffed him, and deprived him of liberty and property tied to the warrant.

13. Defendants had notice of Plaintiff's recorded Fee Schedule and Copyright/Notice instrument since Plaintiff's Fee Schedule and Copyright/Notice were duly recorded with the Calcasieu Parish Clerk of Court on April 10, 2024 (File #3536624, Book 4636, Page 104), thereby providing constructive notice to all parties statewide. Plaintiff also gave actual notice in open court and directly to law enforcement officers during encounters. Rather than rebut the recorded instrument, **Defendants mocked and dismissed it, which constitutes dishonor and failure to rebut under law.**

14. On August 13, 2025, the Calcasieu Parish Sheriff's Office, through Rob McCorquodale, issued a written response (Exhibit H) to Plaintiff's filings. In that letter, Defendants acknowledged receipt of Plaintiff's instruments yet dismissed them as "non-sensical," rather than rebutting point-for-point as required by law. This constitutes dishonor and further evidence of deliberate mockery.

15. Defendants and their agents have openly mocked Plaintiff in person, including statements to the effect that Plaintiff is "one of them people," thereby falsely labeling

Plaintiff as a "sovereign citizen" or extremist. Such labeling is defamatory, prejudicial, and part of a pattern of harassment and unequal treatment, which undermines due process and equal protection of law. Moreover, Defendants' dismissive labeling projects their own sovereign-citizen mentality, wherein they act above the Constitution and outside lawful authority. By mocking Plaintiff's lawful filings and refusing rebuttal, Defendants exhibit the very sovereign conduct they falsely attribute to Plaintiff.

16. Plaintiff does not presently possess a certified copy of Warrant No. 25-00864. Plaintiff has made repeated requests to the Sheriff's Office, District Attorney's Office, and Clerk of Court, each of which has refused to provide a copy absent Plaintiff's arrest. Plaintiff reserves the right to supplement this Complaint with the certified warrant once it is obtained.

## IV. CAUSES OF ACTION

**Count I- Fourth Amendment** – Unreasonable seizure, arrest, and search, actionable under 42 U.S.C. § 1983 (against all Defendants).

**Count II - Fifth and Fourteenth Amendments** – Due process violations and abuse of process In procuring and enforcing a fraudulent warrant (against all Defendants).

**Count III- Deprivation of rights under color of law-** 42 U.S.C. § 1983;

**Conspiracy to interfere with civil rights-**42 U.S.C. § 1985(3);

**Neglect to prevent** (against all Defendants)- 42 U.S.C. § 1986.

**Count IV- Malicious Prosecution and Abuse of Process** under federal and Louisiana law (against all Defendants).

**Count V- Hermeneutic Asymmetry / Denial of Equal Protection**

Defendants have engaged in hermeneutic asymmetry by granting themselves exclusive authority to interpret statutes, codes, and instruments while dismissing or refusing

recognition of Plaintiff's lawful instruments, filings, and recorded notices as "nonsensical" or "untenable." This unequal application of interpretive authority constitutes a denial of equal protection and due process under the Fifth and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983. By treating Defendants' interpretations as binding while categorically denying Plaintiff's, the State actors create an imbalance of justice, unlawfully depriving Plaintiff of standing, remedy, and recognition.

**Count VI- Defamation/False Light** – false public labeling of Plaintiff as a dangerous armed felon (against City of Sulphur, Sulphur PD, and John Doe officers).

**Count VII- Fraud and Commercial Dishonor**

Defendants, individually and in concert, engaged in fraud and commercial dishonor by disregarding and refusing to rebut Plaintiff's duly recorded Fee Schedule and bonds, including the $100,000 performance, payment, and bid bonds, and by proceeding in bad faith under color of law. Such dishonor in commerce constitutes actionable fraud, entitling Plaintiff to damages, rescission, and enforcement of commercial remedies.

**Count VIII – Assault and Battery**

Defendants' agents, acting under color of law, physically shoved, handcuffed, and restrained Plaintiff without probable cause or lawful authority. This constitutes assault and battery under federal and Louisiana law, causing Plaintiff pain, humiliation, and injury.

**Count IX – Harassment and Intimidation**

Through armed surveillance, false public labeling, threats of seizure, and mocking of lawful filings, Defendants subjected Plaintiff to continuous harassment and intimidation in violation of constitutional protections and Louisiana tort law.

**Count X – Kidnapping and False Imprisonment**

By unlawfully restraining Plaintiff's liberty through coercion, armed presence at his property, and threats of seizure, Defendants caused unlawful confinement and a state of

self-imposed house arrest. This constitutes kidnapping and false imprisonment under Louisiana and federal law.

**Count XI – Wrongful Economic Harm**

Defendants' actions and omissions directly caused Plaintiff to suffer the loss of his employment, reputation, and livelihood. Plaintiff was earning $250K. per year at the time of the unlawful allegations. These wrongful acts caused Plaintiff irreparable financial loss, loss of career trajectory, severe reputational damage, despite the absence of any conviction.

**Count XII – Civil RICO (18 U.S.C. §§ 1961–1968)**

Defendants formed and maintained an unlawful *enterprise* consisting of the Sulphur Police Department, the City of Sulphur, the Calcasieu Parish Sheriff's Department, the Calcasieu Parish District Attorney's Office, the Louisiana State Police, Magistrate Tony Fazzio, Judge David Ritchie, and associated officers and agents, all acting together under color of law. As part of this enterprise, Defendants engaged in a pattern of *racketeering activity*, including but not limited to:

- Fraud upon the court by issuing and maintaining a warrant based on false pretense and mischaracterization of Plaintiff's prior case.

- Obstruction of justice by ignoring and mocking Plaintiff's duly recorded instruments, notices, and lawful filings;

- Extortion and coercion through threats of unlawful arrest, seizure, and incarceration;

- Mail fraud and wire fraud by using official communications to deny, return, or dismiss Plaintiff's recorded documents while continuing unlawful enforcement actions;

- Defamation and false labeling of Plaintiff as a "dangerous armed felon" to the public;

- Deprivation of rights under color of law, in violation of 18 U.S.C. § 242.

These acts occurred repeatedly and in coordination, thereby constituting a pattern of racketeering activity under 18 U.S.C. § 1961.

Said enterprise directly affected interstate commerce, as Plaintiff was employed in a position earning $250,000 annually at the time of the violations, and the unlawful actions caused loss of employment, reputational harm, and ongoing deprivation of rights and opportunities across state lines.

Plaintiff has suffered substantial injuries to person, liberty, property, livelihood, and reputation. Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover *treble damages*, costs of suit, attorney's fees, and such other relief as the Court deems just and proper.

## V. EMERGENCY RELIEF & RELATED FILINGS

**17.** Plaintiff files contemporaneously an Emergency Motion to Quash Warrant and a Motion for Emergency Hearing to prevent further irreparable harm.

**18.** Plaintiff also incorporates by reference a Proposed Permanent Restraining Order restraining all named agencies, officers, judges, prosecutors, marshals, troopers, employees, successors, assigns, and affiliates from further harassment, arrest, seizure, or retaliation.

**19.** Plaintiff further incorporates a Writ of Quo Warranto challenging the lawful authority of officials who issued, maintained, or enforced the challenged warrant.

## VI. DAMAGES, FEE SCHEDULE, AND ENFORCEMENT WINDOW

**20.** Damages for all violations in this action are limited to the period beginning June 29, 2025, and continuing through the date the warrant is quashed by court order.

**21.** Per the recorded instrument (File #3536624), damages include $500,000 per unauthorized use of Plaintiff's copyrighted name and $75,000 per minute of unlawful

incarceration, among other itemized terms.

22. Defendants shall have fifteen (15) days from entry of judgment or order quashing the warrant to tender full payment in legal tender of the United States, specifically lawful money recognized under 31 U.S.C. § 5103, payable directly to Plaintiff or the Eternal Guardian Trust, without substitution of credit, discharge instruments, or other non-legal tender forms of settlement."

23. At Plaintiff's sole discretion, Defendants may offer conveyance of real property or tangible assets with certified fair-market appraisal; any such conveyance shall constitute only partial satisfaction unless Plaintiff expressly accepts it as full satisfaction in a separate written instrument.

24. If full payment is not received within fifteen (15) days, the entire balance shall accrue interest at a rate of ten percent (10%) per day, compounded daily, until paid in full.

VII. PRAYER FOR RELIEF

25. Issue an order quashing and declaring void Warrant No. 25-00864 and all derivative actions.

26. Enter the Proposed Permanent Restraining Order restraining all named agencies, officers, judges, prosecutors, marshals, troopers, employees, successors, assigns, and affiliates from further harassment, arrest, seizure, surveillance, or retaliation.

27. Award compensatory and punitive damages consistent with the recorded Fee Schedule for the period stated herein, together with costs and such additional relief as the Court deems just and proper. That all payments awarded herein shall be satisfied only in legal tender of the United States (31 U.S.C. § 5103) and not by substitute credit, setoff, or bookkeeping entry.

28. Order that payment be made within fifteen (15) days of judgment, with enforcement terms as set forth above, including partial satisfaction by conveyance at Plaintiff's election and 10% daily compound interest thereafter.

29. Grant such other and further relief at law or in equity as may be just and proper.

VIII. EXHIBITS (INCORPORATED BY REFERENCE)

30. **Exhibit A** – Plaintiff's Affidavit re: Sheriff's Warrant Division confirmation of Warrant No. 25-00864 and Magistrate Tony Fazzio.

31. **Exhibit B** – Certified record showing the 2016 matter reduced to misdemeanor (simple battery) and satisfied/completed.

32. **Exhibit C** – Transcribed phone call corroborating the mischaracterization and notice to officials.

33. **Exhibit D** – Recorded Fee Schedule and Copyright/Notice (Calcasieu Parish Clerk of Court, File #3536624, Book 4636, Page 104; recorded April 10, 2024).

34. **Exhibit E** – USB drive containing video/digital evidence (to be lodged with the Clerk under seal or as directed).

35. **Exhibit F** – Proposed Permanent Restraining Order (separate document, incorporated).

36. **Exhibit G** – Writ of Quo Warranto (separate document, incorporated).

37. **Exhibit H** – Corpus Delicti Affidavit (noting absence of an injured party in 2016 matter and prior arrests).

38. **Exhibit I** – Affidavit of Denial of Access to Warrant (detailing refusals by Sheriff, DA, Clerk).

39. **Exhibit J**- Letter from the Calcasieu Parish Sheriff's Office, dated August 13, 2025, signed by Rob McCorquodale, acknowledging receipt of Plaintiff's Eternal Guardian Trust paperwork and dismissing it without rebuttal, thereby establishing dishonor and refusal to rebut under law.

40. **Exhibit K** – Employment Loss Statement (detailing $250,000/year job loss due to false allegations and warrant).

41. **Exhibit L** - Damage Schedule City of Sulphur / Sulphur PD / Mayor / Officers / Judges

42. **Exhibit M** – Damage Schedule Calcasieu Parish Sheriff's Dept / Sheriff Gary Guillory

**43. Exhibit N -** Schedule Damage Louisiana State Police / Col. Hodges

**44. Exhibit O –** Damage Schedule Calcasieu Parish DA's Office / DA Stephen Dwight

VERIFICATION

I, Credeur: Ray-James, sui juris, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: August 21, 2025

Credeur: Ray-James, sui juris
Plaintiff, Authorized Representative / Beneficiary
C/O 206 Pelican St, Sulphur, Louisiana [70663] Zip Exempt